KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
October, 1881.

## McCUE v. O'HARA.

*In the matter of the probate of the will of* MARY
O'HARA, *deceased.*

The Surrogate's court has power, independently of statute or Rule, to allow
to the guardian *ad litem* of an infant party, a reasonable compensation
for his services.    This power is recognized by the Code of Civil Proce-
dure, and the rules of court (§ 17 ; rule 50).

Section 2558, subd. 3, of that Code, which excepts an infant's guardian
from the prohibition to award costs to an unsuccessful contestant of a
will, does not limit such compensation to the taxable costs.

MOTION by Alexander McCue and another, executors,
etc., of decedent, to strike from a decree on probate an
allowance to the special guardian of Mary C. O'Hara, an
infant party, beyond the amount of taxable costs.

W. N. DYKEMAN, *for the motion.*

THOMAS E. PEARSALL, *special guardian for infant.*

THE SURROGATE.—It is conceded that this court has
the power to make an allowance to the guardian *ad litem*
for an infant (*Redf. Prac.* [2 ed.], 769).    The power ex-
ists, independently of any express provision of law, or
rule of court, but it is recognized by the general rules,
which are applicable to all courts of record (*Code,* § 17 ;
rule 50).    The amount allowed is to be a reasonable com-
pensation for the services rendered.    Sometimes the tax-
able costs are given, when they are deemed sufficient ;
very often a larger amount.    It has never been under-
stood that the provisions of the Code, which recognize

the right of guardians *ad litem* to be allowed costs, had the effect of limiting their compensation to the taxable costs. No such construction has ever been given to section 474, which speaks of the costs and expenses allowed to the guardian by the court, and it cannot justly. be claimed for section 2558, subd. 3, which excepts an infant's guardian from the effect of the prohibition to the court to award costs to an unsuccessful contestant of a will.

The motion is denied.